UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GERALD BUSBY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-00215 |
| NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff GERALD BUSBY ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Michigan.

### PARTIES

4. Plaintiff is a disabled consumer over 18 years-of-age residing in Ingham County, Michigan, which is located within the Western District of Michigan.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant "services residential mortgage loans after they are originated by mortgage lenders. On behalf of [its] many lender and investor clients, [Defendant] collect[s] principal, interest, and escrow payments from homeowners nationwide."[1] Defendant is a limited liability company organized under the laws of the state of Delaware, with its registered agent located at 2900 West Road, Suite 500, East Lansing, Michigan 48823. Defendant regularly collects upon consumers residing within the State of Michigan.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. Several years ago, Plaintiff executed a home mortgage loan through Ditech Financial LLC ("Ditech").

10. Plaintiff subsequently experienced financial hardship, causing him to fall behind on his monthly obligations to Ditech, thus incurring debt ("subject debt").

---

[1] https://www.shellpointmtg.com/about-us

11. While the subject debt was still delinquent, Ditech transferred the servicing rights to the subject debt to Defendant.

12. Since acquiring servicing rights, Defendant has continuously placed calls to Plaintiff's cellular phone, (517) XXX-9868, whenever Plaintiff has fallen behind on his monthly payments.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -9868.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Defendant has mainly used the phone number (864) 312-4894 when placing calls to Plaintiff's cellular phone, bur upon information and belief, Defendant has used other phone numbers as well.

15. Upon information and belief, the aforementioned phone number ending in -4894 is regularly utilized by Defendant during its debt collection activities.

16. During answered calls from Defendant, Plaintiff experiences a noticeable pause, lasting a handful of seconds in length, and often has to say "hello" several times before a live representative begins to speak.

17. Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon the subject debt.

18. In early 2021, Plaintiff began falling further behind on the subject debt, as he has been rendered unable to work as a result of his physical disabilities.

19. Consequently, Defendant has been calling Plaintiff's cellular phone on a daily basis in an effort to collect upon the subject debt.

20. Plaintiff has repeatedly explained the distressing situation he is facing, but Defendant's systematic calls continued, which prompted Plaintiff to demand that it stop calling him.

21. Plaintiff has even reiterated such requests during subsequent calls with Defendant, but in spite of his multiple efforts, Defendant's conduct has ensued through the filing of this action.

22. For instance, one of these conversations occurred on or about February 18, 2021.

23. Yet, the very next week, Defendant called Plaintiff once again, and upon notifying Defendant's representative of his previous request, Plaintiff was told that after a certain period of time, Defendant's telephone system will automatically call an account regardless of Plaintiff's request.

24. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, even after being notified to stop calling.

25. For instance, on February 25, 2021 and March 3, 2021, Defendant placed not less than three calls to Plaintiff's cellular phone on each respective date.

26. In sum, Plaintiff has received not less than 20 phone calls from Defendant since demanding that it cease contacting him.

27. Seeing no end to Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

28. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

29. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

30. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased usage of his telephone services, loss of cellular phone

4

capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though full set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

33. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

34. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. On its website, Defendant acknowledges that it services loans *after* they are originated by mortgage lenders,[2] and in the instant matter, Defendant acquired the servicing rights to the subject debt after the debt was in default.

35. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692c(a)(1) and §1692d**

36. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

---

[2] https://www.shellpointmtg.com/about-us

37. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop calling. Defendant called Plaintiff at least 20 times after he demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of this information was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

38. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

    b. **Violations of FDCPA § 1692e**

39. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

41. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that Defendant stop contacting him, Defendant continued to contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone, causing Plaintiff to reiterate his demands. Yet, Defendant defied these requests in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

    c. **Violations of FDCPA § 1692f**

42. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

43. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 20 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing systematic phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

44. As pled in paragraphs 27 through 30, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, GERALD BUSBY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

45. Plaintiff repeats and realleges paragraphs 1 through 44 as though fully set forth herein.

46. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages

7

without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

47. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, and the fact that Plaintiff has had to repeatedly say "hello" several times before a live representative begins to speak, [3] is instructive that an ATDS was being utilized to generate the phone calls.

48. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS. Specifically, the near-daily calls suggests that Defendant's phone system has the capacity to randomly or sequentially generate Plaintiff's cellular phone number and dial such number automatically, rather than through some process where Defendant is actively choosing to call Plaintiff's number and subsequently initiating the calling process after determining that Plaintiff was the intended target of its phone calls.

49. Moreover, Defendant's representative also acknowledged that the telephone system used by Defendant will automatically dial phone numbers after a certain period of time regardless of any request made.

50. Upon information and belief, the system employed by Defendant to place the phone calls to Plaintiff's cellular phone has the means to identify the owner of the number that is produced shortly after the number is produced.

---

[3] Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the conspicuous delay before being connected to a live representative. Furthermore, the ATDS employed by Defendant to contact Plaintiff's cellular phone detects when it has reached an individual's voicemail, and subsequently transfers such call to a live representative in the event Defendant's then-set calling campaign calls for leaving messages.

51. In light of the foregoing and upon further information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

52. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by Plaintiff's demands that it cease contacting him.

53. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

54. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was well-aware that Plaintiff did not wish to receive additional calls, but in defiance of this information, Defendant willfully proceeded to call Plaintiff's cellular phone in an effort to harass him into submission.

WHEREFORE, Plaintiff, GERALD BUSBY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from placing any more phone calls to Plaintiff's cellular phone;

c. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees;

e.  Enjoining Defendant from further contacting Plaintiff; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

55. Plaintiff restates and realleges paragraphs 1 through 54 as though fully set forth herein.

56. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

57. Defendant is a "creditor" as defined by M.C.L. § 339.901(e) as it is a person that offers or extends credit creating a debt and/or a person to which a debt is owed or due or asserted to be owed or due.

58. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

　　a.  **Violations of M.C.L. § 339.915(f)(ii)**

59. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

60. Defendant violated M.C.L. § 339.915(f)(ii) by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system even though Plaintiff repeatedly told Defendant to stop calling. Any lawful ability Defendant may have had to place the calls at issue was explicitly extinguished after Plaintiff demanded that it cease calling his cellular phone. As such, Defendant misrepresented its legal rights in placing the phone calls, as well as Plaintiff's legal rights to have such phone calls cease, by attempting to contact Plaintiff's cellular phone absent the lawful ability to do so.

61. Defendant's conduct further runs afoul of M.C.L. § 339.915(f)(ii), as its representative notified Plaintiff that despite his demands that it cease calling, Defendant's telephone system would automatically call him regardless.  This clearly misrepresents the legal effect of Plaintiff's request.

### b.  Violations of M.C.L. § 339.915(n)

62. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

63. Defendant violated the MOC when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff at least 20 times after he demanded that it stop, including multiple times during the same day.  This repeated behavior of systematically calling Plaintiff's phone in defiance of the information provided by Plaintiff was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

64. Further, Plaintiff told Defendant that its calls to his cellular phone were not welcome and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to him.

65. Defendant's violations of the MOC were willful. Defendant was notified by Plaintiff that he did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly notwithstanding his demands. Upon information and belief, Defendant regularly engages in the

above-described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MOC.

WHEREFORE, Plaintiff, GERALD BUSBY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1);

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);

d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 5th day of March, 2021.        Respectfully Submitted,

/s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis #6319225
Admitted in the Western District of Michigan
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Counsel for Plaintiff, Gerald Busby*